# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR05-0105 |
| vs. | ORDER |
| AARON CLIFFORD HARMAN, | |
| Defendant. | |

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on December 14, 2005, at which the defendant was present and represented by Assistant Federal Public Defender Jane Kelly. The government was represented by Special Assistant United States Attorney Rebecca Goodgame Ebinger. The government's motion for detention is granted.

The defendant is charged with the October 4, 2005, possession of stolen firearms. The government's evidence, as outlined at the December 14, 2005, hearing, appears to be very strong.

A far greater concern is the defendant's criminal history. Although he has no felony convictions, he was arrested for third degree theft in March of this year and again on July 1, 2005. On July 21, 2005, he was arrested for theft in the first degree and eight days later he was arrested for burglary in the third degree. On August 2, 2005, he was arrested for interference with official acts. That case was dismissed. On August 4, 2005, he was arrested for second degree theft. On August 25, 2005, he was arrested for second degree burglary. Accordingly, the defendant was on bond for six serious theft and

1

burglary offenses at the time he is alleged to have stolen and attempted to sell the firearms at issue in this case.

The defendant resides is 29 years old and resides with his parents.  He has never been married but has a two-year-old child with whom he shares custody with the mother.  While he does not recall being ordered to pay child support, he recently received a notice advising him that he is $3,000 in arrears.  The defendant graduated from Linn-Mar High School in 1996 and received a diploma from Kirkwood Community College in small engine repair.  He earned a degree in marine mechanics from Louisville Technical Institute and has worked as a marina employee.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention.  Detention can be based on a showing either of dangerousness or risk of flight, both are not required.  United States v. Fortna, 769 F.2d 243 (5th Cir. 1985).  The standard is "reasonable assurance"; the court cannot order the detention because there are no conditions which would guarantee appearance and safety.  United States v. Orta, 760 F.2d 887 (8th Cir. 1985).  The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence.  However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence.  United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is

2

a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

In this case, the defendant's recent series of arrests give this court great concern about what appears to be a downward spiral in his life.  Looking at his criminal history for the past six months gives the court the impression that there is nothing about bond and pretrial release that can stop this defendant.  His release poses a serious danger to the community.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above.  Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release.  The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1.  That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

December 15, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT